ON APPLICATION FOR READMISSION
PER CURIAM.
|, This proceeding arises out of an application for readmission to the practice of law filed by petitioner, Barry S. Ranshi, an attorney whpse conditional admission to the practice of law in Louisiana was revoked May 13, 2014.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Petitioner disclosed two DWI arrests on his application to take the Louisiana bar examination. In addition, the reported *749 findings of an evaluation by the Lawyers Assistance Program (“LAP”) indicated the need for an intensive outpatient treatment program and ongoing monitoring by LAP as a result of petitioner’s history of alcohol abuse. In 2011, we conditionally admitted petitioner to the practice of law, subject to a period of probation coinciding with the remainder of his LAP agreement, which he entered into on October 21, 2009. On May 13, 2014, we revoked petitioner’s conditional admission after he violated the terms of his LAP contract by testing positive for alcohol use while under monitoring of that program. In re: Ranshi, 14-0767 (La.5/13/14), 139 So.3d 989.
Petitioner subsequently filed an application for readmission with the disciplinary board, alleging he has complied with the readmission criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) filed a notice concurring in petitioner’s readmission. Accordingly, the | ¿matter was referred to the disciplinary board’s adjudicative committee chair, who approved petitioner’s petition for readmission and recommended the petition be granted.
After considering the record in its entirety, we will adopt the adjudicative committee chair’s recommendation and readmit petitioner to the practice of law. Petitioner voluntarily admitted himself to Palmetto Addiction Recovery Center for inpatient treatment from June 2, 2014 through August 18, 2014. He continues treatment through aftercare counseling with a social worker and through quarterly follow-up care at Palmetto. He is currently considered to be in sustained full remission from alcohol dependence and safe to practice law. Petitioner also signed a new five-year LAP agreement on September 9, 2014, and LAP’S executive director indicates petitioner has remained compliant with the terms and conditions of the agreement since that time. Finally, in the conditional readmission concurrence filed by petitioner and the ODC, petitioner agreed that his readmission to the practice of law should be subject to the following conditions:
1. Petitioner will execute a new five-year LAP agreement;
2. The period of petitioner’s conditional readmission will coincide with the period of petitioner’s new LAP agreement;
3. Petitioner will be responsible for ensuring that monthly reports of his progress and participation in LAP are forwarded to the ODC;
4. Petitioner will authorize LAP’s executive director to provide the ODC with (a) quarterly reports on petitioner’s compliance with his LAP agreement, and (b) a final report and recommendation regarding petitioner’s compliance and the need for his continued participation in LAP; and
5. Petitioner will cooperate with LAP and the ODC and shall comply with any and all requirements imposed upon him by LAP or the ODC.
^Accordingly, we will readmit petitioner to the practice of law, subject to the conditions set forth above. In light of petitioner’s past conduct, we take this opportunity to caution him that, in the future, we will expect nothing less than scrupulous adherence to the requirements of his LAP agreement. The ODC shall monitor petitioner’s compliance with his LAP agreement and notify this court of any violation, which may be grounds for immediately transferring petitioner to disability inactive status, or placing him on interim suspension, as appropriate.
*750 DECREE
Upon review of the recommendation of the disciplinary board’s adjudicative committee chair, and considering the record, it is ordered that Barry S. Ranshi, Louisiana Bar Roll number 33493, be immediately readmitted to the practice of law in Louisiana, subject to the conditions set forth in this opinion. All costs of these proceedings are assessed against petitioner.